LYONS J.
delivered the opinion of the court.
The principle, laid down at the bar by the appellant’s counsel, as to the validity of consideration, is certainly correct. A promise to pay money in consideration of another’s doing an immoral or illegal act, would clearly be insufficient to support an action. But the present case is not chargeable with any such ^objection. The appellee was employed by all the executors to perform the duties of a cryer, in the selling of a tract of land. In that capacity, he struck it off to the highest bidder as he was bound to do. The sale, for any thing that we can know from this record, was fair and legal. But one of the executors thinking otherwise, desired a resale, which was successfully opposed by the appellant, in consequence of his promise to indemnify the cryer against all actions or demands on that account. Yet this very executor causes or permits an action to be commenced against the person he was bound to protect, and recovers damages. If there be fraud any where, it is properly chargeable to the appellant. Suppose a man is arrested at the suit of two executors, one of whom directs the officer to discharge the defendant, which is opposed by the other. The orders of the former are obeyed in consequence of a promise to indemnify and save the sheriff harmless. Yet this very executor unites with the other in an action against the sheriff, and damages are recovered against him. Can there be a doubt, but that the sheriff might well maintain an action upon this promise? It is difficult to conceive upon what principle the executors could recover damages from the cryer in the present case. As to the purchaser, he being the highest bidder, was most clearly entitled to the land, if he were not privy to a friiud ; or apprised of a deviation in the cryer from the orders of those who employed him. In such a case, the cryer might certainly be subjected to damages.
But whether the judgment against the appellee was a righteous one or not, cannot be a question, in the present action: he has sustained an injury in consequence of an act performed at the request of the appellant, against which the appellant promised to indemnify him.
We think there is no difficulty in the case' and affirm the judgment.